UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DISSOLVED AIR FLOATATION
CORPORATION and ACCURATE
MECHANICAL CONTRACTORS, INC.

      Plaintiffs,

  v.                                              Case No. 14-C-1223

BHARAT KOTHARI, RUDY PETERS,
RICHARD V.L. COOPER and
DAF TECHNOLOGY, LLC

      Defendants.

## ORDER VACATING DEFAULT

Presently before me are the Defendants' motions to vacate the default entered against them by the clerk on April 8, 2015, as well as the Plaintiff's motion seeking entry of default judgment. For the reasons given below, the Plaintiff's motion will be denied and the Defendants' will be granted.

Defendant Peters was served with the amended complaint on October 29, 2014. Defendant Kothari and DAF Technology, LLC were served on December 19. Defendant Cooper returned a waiver of service form on January 31, 2015, despite the fact that the waiver form was sent a month earlier. Peters' answer was due November 19, 2015; Cooper's answer was due February 27, 2016; and Kothari's and DAF's answer was due January 9, 2015.

None of the parties answered the complaint within the time allotted by rule. Accordingly, the clerk entered default against them on April 8, 2015. The court scheduled a hearing, which took place on April 27. By the time of the hearing, there had been no motion to vacate the default,

despite the appearance of Defendants' counsel on April 13, when he filed a motion to dismiss. At the hearing, counsel indicated that he would file a motion to vacate as soon as possible, and such motions were filed within days of that hearing.

> A party seeking to vacate an entry of default prior to the entry of final judgment must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." While the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test "is more liberally applied in the Rule 55(c) context." Our cases articulate a policy of favoring trial on the merits over default judgment.

*Cracco v. Vitran Exp., Inc.,* 559 F.3d 625, 630-31 (7th Cir. 2009) (citations omitted).

Although close, I conclude that the Defendants have satisfied the "liberally applied" Rule 55 standards for vacating a default. The Plaintiffs are correct that the Defendants have not exactly established "good" cause, at least in the traditional sense of the word. The Defendants claim they believed settlement talks were occurring, and those talks would obviate the need to take any formal legal action in response to the amended complaints they received. However, the waiver of service and summons forms clearly provide the timelines in which responses are required. There is no suggestion that any of the Defendants are illiterate or unsophisticated, and they were all eventually represented by the same attorney. Failing to answer within the allowed time was reckless.

Even so, it appears that simple inadvertence can suffice to establish good cause under the applicable standard:

> Vitran has shown good cause for the lateness of its answer; it did not willfully ignore the pending litigation, but, rather, failed to respond to the summons and complaint through inadvertence. See *Passarella v. Hilton Int'l Co.,* 810 F.2d 674, 677 (7th Cir.1987). Although Vitran should have taken measures to ensure that service of process on its registered agent was forwarded to the appropriate employee, there is no evidence that it acted willfully when it failed to respond to Mr. Cracco's complaint. Vitran also acted in a timely fashion to have the default order set aside. It filed its motion only eight days after the court entered an order of default, on the

2

day that it learned about the legal proceeding.

*Cracco v. Vitran Exp., Inc.,* 559 F.3d 625, 631 (7th Cir. 2009).

In addition, the Plaintiffs have conceded that a meritorious defense exists for at least some of their claims, which suggests that the harsh sanction of default judgment would be inappropriate here. "A default judgment, like a dismissal, is a harsh sanction which should usually be employed only in extreme situations, or when less drastic sanctions have proven unavailing." *Ellingsworth v. Chrysler,* 665 F.2d 180, 185 (7th Cir. 1981). Combined with the fact that the Defendants acted somewhat rapidly to vacate the default (at least, after the hearing), as well as the possibility of a lesser sanction including fees and costs, I am satisfied that the case should be decided on its merits.

Accordingly, the Plaintiff's motion for default judgment is **DENIED**. The Defendants' motions to vacate are **GRANTED**. The default entered is **VACATED**. The motion to supplement, being unopposed, is **GRANTED**. Responses to the motions to dismiss are due on or before December 18, 2015. The parties are directed to use their best efforts to settle a reasonable amount to compensate the Plaintiffs for expenses arising out of the default. If such efforts fail, the Plaintiffs may file a motion seeking fees and costs.

**SO ORDERED** this    23rd    day of November, 2015.

/s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

3

Case 1:14-cv-01223-WCG   Filed 11/23/15   Page 3 of 3   Document 35