UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DISSOLVED AIR FLOATATION
CORPORATION and ACCURATE
MECHANICAL CONTRACTORS, INC.

            Plaintiffs,

    v.                                                                  Case No. 14-C-1223

BHARAT KOTHARI, RUDY PETERS,
RICHARD V.L. COOPER and
DAF TECHNOLOGY, LLC

            Defendants.

## ORDER GRANTING PARTIAL SUMMARY JUDGMENT

      Plaintiff Dissolved Air Floatation Corporation sold its business to the Defendants. The problem arose because although the appropriate closing documents were signed, the Defendants never produced the $2 million purchase price. This court recently issued a decision dismissing any claims against Defendant Cooper on personal jurisdiction grounds. Several other claims remain, and the Plaintiffs have filed a motion seeking partial summary judgment as to some of them. Because the Defendants have not filed a response, I take the Plaintiffs' factual assertions as true. Fed. R. Civ. P. 56(e).

      In connection with the closing, Defendant DAF Technology, LLC executed a promissory note in the amount of $750,000, which was due on or before December 28, 2012.[1] (ECF No. 71-1.)

---

[1] Plaintiffs have submitted, as evidence, *unsigned* copies of the note and guarantee. The Plaintiffs allege that counsel for the Defendants has held the signed copies "in trust" following the closing. The fact that the copies in evidence are unsigned does not pose a problem, however, because the Defendants have conceded the truth of the allegations by not opposing the motion

After that date, following a short grace period, the note carried an interest rate of two percent greater than the applicable federal rate. The note also requires the payment of reasonable attorney's fees and costs incurred in the cost of collection. Further, as inducement to lend money to the LLC, the note was guaranteed by Defendant Kothari. (ECF No. 71-2.) Both the note and the guaranty have been breached, as no money has thus far been paid. Plaintiffs assert that presently due is the $750,000 principal amount, plus some $120,000 in interest. They also seek attorney's fees. Because the instant motion seeks *partial* relief—only roughly half of the total amount allegedly owed—Plaintiffs' attorneys propose to receive only 50% of the fees they have thus-far incurred. Half of their fees amounts to $19,613 plus $2,425 in costs.

In addition, DAF Technology, LLC also entered into an eleven-month lease with Plaintiff Accurate Mechanical Contractors Inc. Rent was at the rate of $6,500 per month, plus utilities and insurance. The lease, too, was breached, as no rent was ever paid. The Plaintiffs allege the rent owed totals $74,525, which includes a small late fee and unpaid insurance of $2,750.

The facts alleged are straightforward, and they are not contested. The motion for summary judgment will therefore be **granted** as to claims one and nine (pertaining to the lease, the note, and the guaranty), with interest to be determined upon resolution of this action. Further, the attorney's fees sought appear reasonable under these circumstances, and in fact the Defendants have waived any argument to the contrary. These fees will be reduced by fifty percent of the amount sought in the Rule 7(h) motion. (*See* ECF No. 67 at 9 n.3.) The total fee award will be $12,431.82 (sought in the Rule 7(h) motion) plus $68,309.09 (the $74,525 sought here minus half of the $12,431.82 awarded in the Rule 7(h) motion).

---

for summary judgment.

The unopposed Rule 7(h) motion is also **granted**, as the fees sought to compensate the Plaintiffs for the default earlier granted in this action appear reasonable.

**SO ORDERED** this 1st day of December, 2016.

    /s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court