UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DISSOLVED AIR FLOTATION CORPORATION and
ACCURATE MECHANICAL CONTRACTORS, INC.,

    Plaintiffs,

v.                                                          Case No. 14-C-1223

BHARAT KOTHARI and RUDY PETERS,

    Defendants.

**ORDER**

This case originated as a breach of contract dispute within the court's diversity jurisdiction and is currently before the court on Plaintiffs' May 7, 2019 motion for contempt requesting that the court hold Defendants in contempt and order sanctions up to and including incarceration. For the following reasons, Plaintiffs' motion will be partially granted.

**BACKGROUND**

Plaintiffs Dissolved Air Flotation Corporation and Accurate Mechanical Contractors, Inc. filed this action in October 2014 alleging breach of contract, conspiracy, injury to business, promissory estoppel, and various misrepresentation claims against Defendants Bharat Kothari, Rudy Peters, and DAF Technology, LLC based on Defendants' failure to produce the $2,000,000 purchase price after buying Dissolved Air's business. On December 1, 2016, the court granted Plaintiffs' motion for partial summary judgment and ordered that Defendants pay $12,431.82 as a result of the costs and fees incurred by Defendants' default. Dkt. No. 72. On July 11, 2017, based upon the parties' stipulation, the court ordered that a judgment shall be entered against Defendants Kothari

and Peters, jointly and severally, in the amount of $1,000,000.00 and dismissing DAF Technology LLC with prejudice and without costs. The court also ordered that Kothari provide a sworn statement identifying all assets owned by him and execute such documentation as is necessary to grant to Plaintiffs a first priority lien against the real estate located at 2 North Broadway in Aurora, Illinois within fourteen days of the date of the order. Dkt. No. 94. Judgment was entered the following day. Dkt. No. 95.

On October 10, 2017, Plaintiffs filed their first motion for contempt, seeking an order against Defendant Kothari for contempt for his failure to pay the sum of $12,431.82 and to provide any of the documentation that the court ordered he produce in its July 11, 2017 order. Dkt. No. 96. On November 9, 2017, the court ordered Defendants to appear in person before the United States District Court for the Eastern District of Wisconsin in Green Bay on November 21, 2017, at 1:30 P.M. to show cause why they should not be held in contempt for violating the court's orders. Dkt. No. 101. The court warned that Defendants' failure to appear or failure to show cause may result in the imposition of a warrant for their arrest. *Id.* at 2.

Although Kothari appeared at the November 21, 2017 show cause hearing, Peters was not present. The court advised that if Kothari wished to avoid contempt and not return to court, he should complete the discovery that Plaintiffs requested. The court ordered that all discovery responses were to be submitted by December 22, 2017. As to Peters, the court held the matter open until December 22, 2017, and noted that if Peters did not appear or cooperate with Plaintiffs, the court would hold him in contempt. Dkt. No. 104. On December 7, 2017, the court ordered that the matter of contempt against Defendants for failure to comply with the court's orders be held open until December 22, 2017, to allow Defendants to complete the discovery served. The court noted

that if Defendants failed to comply with the court's order, counsel for Plaintiffs could file a request for further proceedings at which time the court would consider the imposition of sanctions until compliance occurs. Dkt. No. 105.

On June 7, 2018, the court entered an order holding open the matter of contempt against Defendants for failure to comply with the court's orders. The court advised that, to avoid further proceedings, Defendants shall provide all documentation requested of them pursuant to the discovery served upon them or, in the alternative, a detailed explanation of what requested documents are not provided and why; and Kothari shall provide responses to the Second Set of Discovery served upon him by July 17, 2018. The court noted that if Defendants failed to comply by July 17, 2018, counsel for Plaintiffs could file a request for further proceedings at which time the court would consider whether Defendants are in contempt and whether sanctions should be imposed. Dkt. No. 109. Defendants filed a motion for an extension of time to file answers to discovery on July 17, 2018. Dkt. No. 110. The court granted the motion and ordered that Defendants complete the requirements by August 14, 2018, or risk a fine or jail term. Dkt. No. 111.

On October 22, 2018, the court granted Plaintiffs' motion for miscellaneous relief and directed Defendant Kothari to provide the following information:

> A. Full, written and sworn, responses to Plaintiffs' Second Set of Written Discovery to Bharat Kothari.
>
> B. All documents requested in Plaintiffs' Second Set of Written Discovery to Bharat Kothari including, but not limited to, all documents requested in Requests for Production of Documents 14–15 including:
>
>> 1. Tax Transcripts from 2010 to Present;
>>
>> 2. Any documents identified in a Request for Admission or Interrogatory.

> C. A list of all professional books identified in Request for Production Number 58 to Plaintiffs' Corrected Collection Discovery to Bharat Kothari;
>
> D. A copy of the Title to the automobiles pursuant to Request for Production Number 60.
>
> E. A copy of the legal description for the real estate in which Kothari owned an interest in as of the date of judgment pursuant to Request for Production Number 63.

*See* Dkt. No. 119 at 2. The court also directed Defendant Peters to provide his 2017 IRS Tax Returns or such documentation as may permit Plaintiffs to actually receive information regarding the same. *Id.* The court noted that Defendants' failure to provide this information within thirty days of the date of the order without good cause may result in a finding of contempt and sanctions up to and including incarceration until Defendants comply with the order and directed Plaintiffs to file a motion for contempt in the event Defendants failed to comply with the order. *Id.*

Plaintiffs filed the instant motion on May 7, 2019. In their motion, Plaintiffs request that the court hold Defendants in contempt and order sanctions up to and including incarceration until Defendants comply with the court's October 22, 2018 Order. The court held a hearing on the motion on July 8, 2019 at 2:30 P.M. Defendants failed to appear at the hearing.

**ANALYSIS**

"A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3); *see also Shillitani v. United States*, 384 U.S. 364, 370 (1996) ("[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt."). To succeed on a motion for contempt, Plaintiffs must demonstrate by clear and convincing evidence that Defendants violated the express and

unequivocal command of a court order. *See Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 711 (7th Cir. 2014). In this case, there is no dispute that Defendants have failed to comply with any of the express and unequivocal commands of the court's numerous orders. Accordingly, the court finds Defendants in contempt of the court's orders.

If the court finds that a party is in civil contempt, the court must determine what sanctions are necessary. In this case, Plaintiffs request that the court issue a bench warrant for Defendants' arrests. But the court must first determine whether it has the authority to order Defendants' arrests. Federal Rule of Civil Procedure 4.1(b) governs commitment for civil contempt and provides:

> An order of civil commitment of a person held to be in contempt of a decree or injunction issued to enforce the laws of the United States may be served and entered in any district. Other orders in civil contempt proceedings shall be served in the state in which the court issuing the order to be enforced is located or elsewhere within the United States if not more than 100 miles from the place at which the order to be enforced was issued.

Fed. R. Civ. P. 4.1(b). The underlying litigation is a diversity case and Plaintiffs' claims do not arise under the laws of the United States. As a result, any order of civil commitment must be served in the state of Wisconsin or within 100 miles of this courthouse. *See SD Protection, Inc. v. Del Rio*, 587 F. Supp. 2d 429, 435 (E.D.N.Y. 2008); *Spectacular Venture, L.P. v. World Star Int'l, Inc.*, 927 F. Supp. 683, 685–86 (S.D.N.Y. 1996). Because "there is no reasonable prospect that [Defendants] will be subject to service of such an order, there would be little point in issuing it." *Spectacular Venture*, 927 F. Supp. at 686 (citation omitted).

In light of the foregoing, the court finds that a different remedy is warranted. The court will impose a coercive civil contempt sanction on Defendants in order to compel compliance with the court's previous orders. Effective today, the court will impose a fine of $500 a day for each day that

5

Defendants fail to comply with the court's orders. To purge themselves of contempt, Defendants need only comply with the court's previous orders or show by clear and convincing evidence that they are presently unable to comply with the court's contempt order. *See United States v. Rylander*, 460 U.S. 752, 757 (1983).

## CONCLUSION

For these reasons, Plaintiffs' motion for contempt (Dkt. No. 123) is **GRANTED IN PART**. Defendants are held in civil contempt of this court. Effective today, Defendants shall pay $500 per day for each day that Defendants remain out of compliance with the court's orders. If Defendants comply with the court's previous orders or can establish that they are unable to comply with the court's contempt order, the contempt sanction will be lifted.

**SO ORDERED** this   9th   day of July, 2019.

s/ William C. Griesbach<br>
William C. Griesbach, Chief Judge<br>
United States District Court